UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


PHILLIP D. DOWTY,

      Plaintiff,

vs.                                                    CASE NO. 3:05-cv-194-J-HTS

WAYNE WILSON, INC.,
a Mississippi Corporation
and JOHNNY B. THAMES,

      Defendants.
_____

<u>**CASE MANAGEMENT AND SCHEDULING ORDER**</u>

     Having considered the positions of the parties, as set forth in the Case Management Report (Doc. #10), the Court hereby enters the scheduling and case management requirements, which will govern trial preparation of this case.  Accordingly, it is **ORDERED:**

     1.   The following deadlines and settings apply:


| | |
|---|---|
| Motions seeking amendment of pleadings, to file third-party claims, or to join parties: | **July 29, 2005** |
| Service of Plaintiff's Expert Reports: | **September 30, 2005** |
| Service of Defendants' Expert Reports: | **October 30, 2005** |
| Service of all Expert Rebuttal Reports: | **November 30, 2005** |
| Discovery Deadline: | **January 5, 2006** |

Dispositive and
*Daubert* Motions Deadline:                    **January 31, 2006**

Filing of Pretrial Statement:                   **March 15, 2006**

Final Pretrial Conference:                      **April 12, 2006**
                                                **(2:15 pm)**
Trial Term:                                     **May 1, 2006**
                                                **(9:30 am)**
                                                **Jury - 7 days**

2.    The discovery deadline is the <u>final</u> date discovery shall be
made.  All requests and motions pertaining to discovery shall be filed
so that the discovery desired will be due <u>prior</u> to the completion date
and any disputes that require Court intervention shall be made by proper
motion immediately.  The conduct of any discovery that would require a
later due date shall be permitted only on the order of the Court, or by
filed stipulation of the parties, and only in cases that will not be
delayed for trial thereby.  The parties should be aware that a
stipulation to the continuance of discovery anticipates no discovery
disputes, and, therefore, this Court will not hear discovery disputes
arising during the stipulated continuance.

3.    No party may file a legal memorandum of more than twenty (20)
pages without prior permission from the Court.  Rule 3.01(c), Local
Rules, United States District Court, Middle District of Florida
(Rule(s)).  This is construed to mean that, together, a motion and
memorandum may not exceed this page limit.  In summary judgment
practice, the motion and memorandum (including any "Statement of

Undisputed Facts") must be filed as one document and may not exceed twenty (20) pages absent prior authorization from the Court.

4.   Motions for continuance of any pretrial conference, hearing, or trial filed after the issuance of this Case Management and Scheduling Order are disfavored.  *See* Rule 3.05(c)(2)(E).

5.   Counsel should submit courtesy copies of all dispositive motions and responses thereto directly to the undersigned's chambers.

6.   The parties are further directed to meet the pretrial disclosure requirements and deadlines of Federal Rule of Civil Procedure 26(a) and to timely adhere to all requirements of Rule 3.06, concerning final pretrial procedures, which shall be initiated by counsel for Plaintiff.

7.   The attorneys shall comply with all provisions of Rules 3.06(b) and (c), except that the **pretrial statement** shall be filed with the Clerk of the Court no later than the date and time specified above. A courtesy copy should be submitted directly to the undersigned's chambers.   The parties are required to identify in the pretrial statement the depositions to be read at trial.

8.   In order that the intended purposes of the pretrial procedures are accomplished, all meetings of counsel, including the pretrial conference, shall be attended by counsel who will participate in the trial of the case and are vested with full authority to make and solicit disclosures and agreements touching all matters pertaining to the trial.

9.   No later than six (6) business days before the date set for trial, or at such time as the Court may direct, each party shall file with the Clerk of the Court, with copies to undersigned's chambers and opposing counsel, the following:

A.   A trial brief or memorandum with citations of authorities and arguments in support of its position on all disputed issues of law.

B.   In a <u>jury trial</u>, written requests for all voir dire examination and written requests for jury instructions and proposed verdict forms.  All requests for instructions shall contain citations of supporting authorities, if any.  Two copies of the parties' written requests for jury instructions and proposed verdict forms shall be submitted to the undersigned.

10.   In a <u>non-jury trial</u>, <u>proposed</u> written findings of fact and conclusions of law shall be filed, and copies thereof submitted, as directed by the Court.

11.   In the event the date set herein for pretrial conference is continued or otherwise modified, the remaining provisions of this Order shall remain in full force and effect.

12.   The final pretrial conference and trial will take place in the United States Courthouse, Courtroom No. 5A, Fifth Floor, 300 North Hogan Street, Jacksonville, Florida.  The parties are advised (and should advise their witnesses) that photo identification is required to enter

- 4 -

the courthouse and cellular phones and laptop computers are prohibited

in the building (unless otherwise ordered by the Court).

**DONE AND ORDERED** at Jacksonville, Florida this 1st day of June,

2005.

/s/         Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE


Copies to:

Counsel of record
 and *pro se* parties, if any